UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Anessia Amoko, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Civil Action No. 3:20-cv-4346-SAL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Order Approving** |
| N&C Claims Service, Inc., Nicholas F. | ) | **Settlement Agreement** |
| Ierulli, Pam Ierulli, and Seibels Claim | ) | |
| Solutions Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the parties' joint motion for settlement approval. [ECF No. 127.] For the reasons below, the court grants the motion.

**BACKGROUND**

Plaintiff Anessia Amoko, on behalf of herself and all others similarly situated (Plaintiff), filed this lawsuit against Defendants N&C Claims Services, Inc., Nicholas F. Ierulli, Pam Ierulli, and Seibels Claim Solutions, Inc. (Defendants) on December 16, 2020. [ECF No. 1.] Plaintiff subsequently filed an Amended Complaint on February 8, 2021. [ECF No. 15.] Plaintiff alleges Defendants, her former employers, misclassified her and other insurance claims adjusters as "independent contractors" rather than employees. *Id.* at 1. Through the Amended Complaint, Plaintiff seeks to recover from Defendants pursuant to the failure to pay proper overtime compensation portion of the Fair Labor Standards Act (FLSA) and for alleged violations of the South Carolina Payment of Wages Act (SCPWA). *Id*. at 2. Defendant Seibels Claim Solutions, Inc. (Seibels) answered the Amended Complaint on April 12, 2021. [ECF No. 32.] Defendants N&C Claim Services, Inc., Nicholas F. Ierulli, and Pam Ierulli filed their Answer on April 26, 2021. [ECF No. 41.]

On October 31, 2022, the parties filed a Joint Motion for Stay of Proceedings Pending Settlement to enable to the parties to work to finalize their settlement and submit a joint motion for court approval of the settlement under FLSA. [ECF No. 116.] The court granted the stay and ultimately stayed the case until February 3, 2023, to allow the parties to facilitate resolution of this case. [ECF No. 117.] The parties filed their Joint Motion for Settlement Approval on February 3, 2023. [ECF No. 127.]

## LEGAL STANDARD

Because this settlement involves an FLSA claim, this court is charged with the responsibility of scrutinizing it for fairness. *See Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div*., 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

## DISCUSSION

Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and

whether the proposed settlement is fair and reasonable. *See, e.g.*, *Corominas v. ACI Holdings, LLC*, No. 2:15-cv-4372, 2016 WL 10520235 (D.S.C. Oct. 27, 2016); *Dominguez Arteaga v. Ecofoam Insulation & Coating of Charleston, LLC*, No. 9:18-cv-2147, 2019 WL 6057428 (D.S.C Jan. 25, 2019). Thus, to determine whether to approve the proposed settlement, this court will assess (1) whether the award reflects a reasonable compromise over the issues in dispute; and (2) whether the proposed award of attorneys' fees and costs is reasonable. *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016).

In this case, a bona fide dispute exists. Plaintiff alleges Defendants misclassified her and other insurance claims adjusters as independent contractors, failed to pay her overtime compensation in violation of the FLSA, and violated the SCPWA by making unauthorized deductions to wages and by not paying their employees their hourly wage for all the hours they worked. [ECF No. 15 at 1-2.] Defendants deny these allegations. [ECF Nos. 32, 41.]

Turning to the fairness and reasonableness of the settlement, the court considers six factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Irvine*, 204 F. Supp. 3d at 849 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). The court finds each of these factors met in this case.

First, as outlined in the Motion, the parties have exchanged documents and information relating to the merits of this case and the potential damages incurred. [ECF No. 127-1 at 11.]

3

Second, the parties represent they "have conducted sufficient discovery and motion practice to fully evaluate the relative strength of the claims and defenses and reach a settlement." *Id*. As to the third factor, the court presumes the absence of fraud or collusion unless there is some contrary evidence. *Irvine*, 204 F. Supp. 3d at 850. There is no controversy here. Fourth, Plaintiffs' attorneys are experienced employment attorneys who have litigated many other FLSA matters and whose practice focuses on wage-and-hours cases and employment disputes. *Id.* at 15-17. The court finds this factor is satisfied.

As to the fifth factor, Plaintiffs' Counsel strongly approves of this settlement. *Id*. at 17. Additionally, the Named Plaintiff and overwhelming majority of the Settling Plaintiffs are pleased with the settlement and eager to resolve this case. *Id*. at 18. After the parties fully executed the settlement agreement, Plaintiffs' Counsel sent notice of the settlement to the Plaintiffs, including a copy of the agreement, an estimate of each Plaintiff's individual recovery, and an explanation of their right to object or opt out of the settlement. *Id.*

At the close of the 30-day notice period, none of the Plaintiffs opted out and only two submitted objections.[1] Mr. Christopher Villegas objects that the "data metrics" used to determine his settlement allocation are flawed and asks the Court to determine "a final and fair settlement amount." [ECF No. 127-2 at 43.] The court has reviewed the data metrics and calculations and finds that Mr. Villegas' total recovery amount is fair based on the base payment amount made to all plaintiffs plus the pro rata amount based on his overtime hours. *Id*. at 47. Mr. Joseph Hall's objection is not directed at the settlement itself but to the attorneys' fees costs and allocation. *Id*. at 45. As detailed below, the court finds the amount of attorneys'

---

[1] Unlike Rule 23, FRCP, FLSA does not require district courts to notify potential claimants about a proposed settlement. *See Haskett v. Uber Technologies, Inc.*, 780 F. App'x. 25 (2019). However, the court briefly addresses these two objections because Plaintiffs' Counsel received them before filing the Joint Motion for Settlement Approval.

fees is fair and reasonable. Both objections are overruled, and the court finds the fifth factor is satisfied

The final factor is also met in this case. As a result of the settlement, each Plaintiff will recover more than the overtime wages and liquidated damages owed to them under the FLSA for hours worked over forty hours in a work week based on N&C's time records. For these reasons, the court finds that the settlement is fair and reasonable.

The court also finds the service payments to the Named Plaintiff and Opt-In Plaintiff Mosley are fair and reasonable. The purpose of these service payments is to reimburse and compensate the Named Plaintiff and Opt-In Plaintiff Mosely for their time and efforts expended on behalf of the members of the collective action. *See Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 576 (D.S.C. 2015). The court finds the Named Plaintiff expended great time and effort to assist in the litigation of this case, including providing Plaintiffs' Counsel with relevant documents, responding to interrogatories and requests for production, and communicating with other Plaintiffs regarding the status of the case, to name just a few tasks she undertook. Opt-In Plaintiff Mosely also undertook significant work on behalf of the Plaintiffs, including providing documentary evidence to support Plaintiffs' claims, responding to interrogatories and requests for production, and generally remaining engaged with Plaintiffs' Counsel throughout the settlement negotiations. Accordingly, the service payments of $10,000.00 to the Named Plaintiff and $5,000.00 to Opt-In Plaintiff Moseley are granted.

Along with the fairness and reasonableness of the settlement, the court must also consider the reasonableness of the request for attorneys' fees. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest

taints the amount the wronged employee recovers under a written settlement agreement."). District courts in the Fourth Circuit consider 12 factors to determine the fairness and reasonableness of a proposed fee:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity cost in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (1) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 266 n. 28 (4th Cir. 1978)). Considering the twelve factors as outlined in the supplemental memorandum on attorneys' fees, the court finds the proposed attorneys' fees and costs request of $700,000.00 to be fair and reasonable.

The court emphasizes the results obtained for Plaintiffs, the experience, reputation, and ability of the attorneys, and the attorneys' fees awards in similar cases. Each Plaintiff will recover more than the overtime wages and liquidated damages owed to them under the FLSA for hours worked over forty hours in a work week based on N&C's time records. Such a generous outcome results from the experience, reputation, and abilities of Plaintiffs' Counsel. Over the course of one year of pre-litigation settlement discussions and two years of litigation, Plaintiffs' Counsel expended around 1,637 attorney hours and 922 paralegal, support staff, and clerical hours. When these hours are multiplied by Plaintiffs' Counsels' regular hourly rates, the lodestar amount comes to $1,200,000.00. The requested fee award of $700,000.00 is more than 40% lower than the lodestar number. *See Irvine*, 204 F. Supp. 3d at 850 (finding proposed fees

6

"less than the lodestar number … to be reasonable"); *Weckesser v. Knight Enters. S.E.*, 402 F. Supp. 3d 302, 308 (D.S.C. 2019 (comparing fee request to lodestar to determine reasonableness). For these reasons, the court finds that the proposed attorneys' fees request is reasonable.

## CONCLUSION

For these reasons, the court **GRANTS** the Parties' Joint Motion for Settlement Approval, ECF No. 127, including the Gross Settlement Amount of $1,100,000.00, because the settlement is fair, reasonable, adequate, in good faith and in the best interests of the Settling Plaintiffs, as a whole, and orders the Settling Parties to carry out the provisions of the Settlement Agreement; **APPROVES** the Net Settlement Amount of $400,000.00, less the Service Payments, to be distributed to the Settling Plaintiffs based on Plaintiffs' Counsel's allocation; **APPROVES** the Service Payments of $10,000.00 to the Named Plaintiff and $5,000.00 to Opt-In Plaintiff Mosley; **APPROVES** attorneys' fees and costs of $700,000.00 to be paid to Plaintiffs' Counsel, and finds that the fees and costs are fair and reasonable; **APPROVES** the release of claims as provided for in the Parties' Settlement Agreement; **ORDERS** that N&C conclusively release Settling Plaintiffs from all non-compete agreements still in effect; **DISMISSES** the Lawsuit in its entirety with prejudice as to the Settling Plaintiffs; and **RETAINS** jurisdiction over this action to enforce the Settlement Agreement.

**IT IS SO ORDERED.**

s/Sherri A Lydon
Sherri A. Lydon
United States District Judge

February 23, 2023
Columbia, South Carolina